UNITED STATES DISTRICT COURT · SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
November 22, 2016
David J. Bradley, Clerk

| | |
|---|---|
| TOTAL E&P USA, Inc., § § § | |
| Plaintiff, § § | |
| versus § § | Civil Action H-16-2678 |
| Marubeni Oil & Gas (USA), Inc., § § § | |
| Defendant. § | |

# Opinion on Remand

1.  *Introduction.*

    This is about payment of decommissioning costs for two wells on the Outer Continental Shelf. It was removed from the 133rd District Court of Harris County, Texas, and will remain here.

2.  *Background.*

    Total E&P USA, Inc., owned interests in a gathering system and two offshore leases – MC 305 and MC 348 – on the Outer Continental Shelf. MC 348 was subject to an operating agreement between Marathon Oil Company, WI, Inc., and Total.

    In 2006 – after two producers had been drilled on MC 348 – Total assigned its rights to ATP Oil and Gas Corporation, and it became the designated operator.

    When ATP filed bankruptcy in 2012, Marubeni Oil & Gas (USA), Inc., acquired its interests. As owner and operator of offshore wells, Marubeni was required by the Bureau of Safety and Environmental Enforcement to plug and abandon them.

    Marubeni asked Total to reimburse it for its share of the expenses; it refused. Instead, Total sued in Texas court for a declaration that it is not liable. Marubeni timely removed the case.

4. *Jurisdiction.*

Marubeni says that this court has jurisdiction over this case under the Outer Continental Shelf Lands Act because it is about its current operations to decommission two wells on the Outer Continental Shelf.[1]

Despite pleading that this case (a) arises in connection with deepwater drilling in the Gulf of Mexico, and (b) involves the decommissioning of two wells on the Outer Continental Shelf, Total says this court does not have jurisdiction under the Act. It argues that repayment of money is neither an operation nor does it involve exploration or production of minerals.

Total drilled wells on the Outer Continental Shelf; Marubeni is decommissioning them. Drilling and decommissioning are operations under the Act.[2] They are inextricably linked. Total's claim that it owes no obligation to Marubeni would not have arisen but for the wells' existence – the wells that it drilled. This court has jurisdiction.

5. *Conclusion.*

Operations in connection with an oil well start with drilling, and end with a plugged well and decommissioned equipment. The motion to remand will be denied.

Signed on November 21, 2016, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge

---

[1] 43 U.S.C. § 1349.

[2] Amoco Production Co. v. Sea Robin Pipeline Co., 844 F.2d 1202, 1207 (5th Cir. 1988); EP Operating Ltd. P'ship v. Placid Oil Co., 26 F.3d 563, 567 (5th Cir. 1994).